```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

EDWARD COLAMETA,                )
         Plaintiff,             )
                                )
     v.                         )  C.A. NO. 04-11877-DPW
                                )
HANK BAGRWOSKI,                 )
         Defendant.             )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff must either pay the filing fee for this action or submit an application to proceed without prepayment of fees. If he takes either action, he shall also demonstrate good cause, in writing, why his claims should not be dismissed for lack of subject-matter jurisdiction.

## FACTS

Plaintiff Edward Colameta, an inmate at FCI Raybrook in Raybrook, New York, contends that in January 2004, he contacted Hank Bagrowski, a resident of Wilmington, Massachusetts, via the Internet and arranged for Bagrowski to build a custom van for him. Compl. p. 2. He asserts that Bagrowski informed him that the total fee for the transaction would be $8,500.00, and that he paid Bagrowski an initial partial payment of $2,800.00. Id. Colameta claims that Bagrowski has "disappeared" with the funds and that Bagrowski has "defrauded" him by using the Internet and a wire transfer using "Pay Pal." Id. at p. 2-3. Colameta did not submit the $150.00 filing fee for this action nor did he submit an application to proceed without prepayment of fees.

ANALYSIS

I.  Colameta Must Pay the Filing Fee or
    Seek Waiver of Prepayment of the Filing Fee

A prisoner filing a civil complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an application to proceed in forma pauperis with a certified prison account statement.  See 28 U.S.C. § 1914(a) ($150.00 filing fee); § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications.

Because Colameta has not submitted the filing fee or an application for waiver of prepayment of the filing fee with a certified prison account statement, he shall be granted additional time to do so.  See 28 U.S.C. § 1915(a)(1).  If plaintiff fails to timely pay the filing fee or to submit an application with a certified prison account statement, this action will be dismissed without prejudice.[1]  If Colameta

---

[1] Because plaintiff currently is incarcerated, he is informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front.  28 U.S.C. § 1915(b)(1), (2).  If plaintiff submits a certified copy of his prison account statement, the Court will direct the appropriate prison official to withhold from plaintiff's prison account and pay to the Court an initial payment towards the $150.00 filing fee.  The

submits the filing fee or an application to proceed without prepayment of the filing fee, he shall also demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated below.

    II.   <u>The Court May Screen This Action</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA").  Pub.L. No. 104-134, 110 Stat. 1321 (1996).  Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner <u>in</u> <u>forma</u> <u>pauperis</u> "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).  All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee.  28 U.S.C. § 1915A.

Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist or where subject-matter

---

appropriate prison official will also be directed to collect monthly payments from plaintiff's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full.  <u>Id.</u>

jurisdiction does not exist. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (subject-matter jurisdiction).

Further, district courts have an independent obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking. In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). Thus, if I determine that subject-matter jurisdiction does not exist, I must dismiss this case and not reach the merits. Pallazola v. Rucker, 797 F.2d 1116, 1128 (1st Cir. 1986).

### III. This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

On the cover page of his complaint, Colameta states that he brings this action pursuant to Sections 1331, 1391, 1343, and 2201. None of these statutes provide a basis for jurisdiction in this Court. Even if the complaint is construed generously as being brought pursuant to Section 1332, the jurisdictional statute most closely applicable to Colameta's claims, diversity jurisdiction appears to be lacking.

#### A. Section 1331

Under Section 1331, federal courts have jurisdiction over

"federal question" cases.  "Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; <u>Viqueira v. First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998).  Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  <u>See</u> <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 163 (1997).  The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint.  <u>Viqueira</u>, 140 F.3d at 17.

Here, the basis of plaintiff's claims is a dispute between two non-governmental parties over an alleged payment for work on a custom van.  The complaint thus does not involve claims pursuant to the Constitution or laws or treaties of the United States.  Therefore, no federal question exists and this Court does not have federal question subject-matter jurisdiction over plaintiff's claims.  <u>See</u> 28 U.S.C. § 1331; <u>Viqueira</u>, 140 F.3d at 19 (affirming dismissal).

    B.  <u>Section 1391</u>

Section 1391 governs the issue of venue in federal courts and is not an independent source of subject-matter jurisdiction.  <u>Andrus v. Charlestone Stone Products Co., Inc.</u>, 436 U.S. 604, 608 n. 6 (1978); <u>accord</u> <u>Driscoll v. New Orleans Steamboat Co.</u>, 633 F.2d 1158,

5

1159 n.1 (5th Cir. 1981) ("venue" is distinct from jurisdiction; "venue" may be proper or improper, independent of questions of subject-matter or personal jurisdiction).

    C.  <u>Section 1343(a)(3) and (a)(4)</u>[2]

Sections 1343(a)(3) and (a)(4)[3] provide that the district courts have original jurisdiction over civil actions commenced by any person to (i) redress a violation of constitutional rights under "color of state law" or (ii) to secure relief under any federal law providing for the protection of civil rights, including the right to vote. 28 U.S.C. § 1343(a)(3), (a)(4). The jurisdictional provisions of Section 1343 only apply where a cause of action provided for in that section exists. <u>American Science & Engineering, Inc. v. Califano</u>, 571 F.2d 58, 64 n.8 (1st Cir. 1978).

---

[2] Plaintiff lists these sections as 1343(3) and 1343(4), apparently a typographical error.

[3] Section 1343(a)(3) and (a)(4) provide that:
(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
. . . .
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(3),(a)(4).

Here, because the factual basis for the complaint is a payment dispute between two private citizens, there is no likelihood that the defendant acted under "color of state law." Kempf v. R. & E. Transit Co., 450 F. Supp. 167, 168 (D.C. Mo. 1978) (dismissing, without the requisite state action § 1343(a)(3) was not applicable); cf. Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (§ 1983 does not provide relief against most private individuals because of the requirement that a deprivation be caused by a person acting "color of state law").

Nor does it appear that any cause of action under any of the applicable civil rights laws is implicated by the facts of the complaint. Russo v. Glasser, 279 F. Supp. 2d 136, 141 (D. Conn. 2003) (dismissing, no jurisdiction under § 1343(a)(4) because plaintiff had not alleged any cognizable violations of federal statutes pertaining to civil rights); Diehl v. Village of Antwerp, 964 F. Supp. 646, 649 (N.D.N.Y. 1997) (dismissing; for jurisdiction to exist under § 1343(a)(4), a complaint must invoke the corresponding statute that provides for the protection of plaintiffs' civil rights).[4]

---

[4] Cf. Runyon v. McCrary, 427 U.S. 160, 172 (1976) (§ 1981 concerns racial discrimination in the making and enforcement of contracts); Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002) (dismissing, plaintiff failed to allege that any action by any defendant denied him the ability either to make, perform, enforce,

   D.   Section 2201

The Declaratory Judgment Act, 28 U.S.C. § 2201, standing alone, is not a basis for federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (§ 2201 does not provide an independent source of jurisdiction) accord Akins v. Penobscot Nation, 130 F.3d 482, 490 n. 9 (1st Cir. 1997) (Declaratory Judgment Act does not, by itself, create a substantive cause of action). Thus, to the extent that plaintiff's claims are brought pursuant to this act, they are subject to dismissal. See Skelly, 339 U.S. at 671; Akins, 130 F.3d at 490 n. 9.

   E.   Section 1332

District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity must be

---

modify, or terminate a contract, or to enjoy the fruits of a contractual relationship by reason of a race-based animus); Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001) (dismissing § 1985 claims where plaintiff made no allegation which even inferentially indicated that any defendant conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus); Romero-Barcelo v. Hernandez Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) (same); Canney v. City of Chelsea, 925 F. Supp. 58, 68 (D. Mass. 1996) (complaint alleging § 1986 claims must allege a violation of § 1985).

complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-374 (1978).

1. Diversity of Citizenship

Here, plaintiff makes no allegations concerning his own domicile sufficient to allow the Court to determine if diversity of citizenship is present. See Jones v. Hadican, 552 F.2d 249, 251 (8th Cir. 1977) (general presumption is that a prisoner retains his pre-incarceration domicile, he must demonstrate truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration). Because it is not clear that diversity exists, plaintiff's complaint is subject to dismissal. Paparella v. Idreco Invest, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing for lack of diversity).

2. Amount in Controversy

Even if I assume that the parties are diverse, diversity jurisdiction under Section 1332 still does not exist because it appears, as a matter of legal certainty, that the amount in controversy is not in excess of $75,000.

The framework for determining whether a cause of action satisfies the jurisdictional minimum was established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). The amount specified by the plaintiff controls for

jurisdictional purposes, as long as that amount is asserted in good faith.  Id. at 288.  A court may dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum.  Id. at 289; accord Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).

Determining good faith in the amount-in-controversy context includes an objective analysis:  whether anyone familiar with the law applicable to this claim could objectively view the claim as being worth the jurisdictional minimum.  Jimenez Puig v. Avis Rent-a-Car Sys., 574 F.2d 37, 40 (1st Cir.1978).  The plaintiff has the burden of demonstrating that his claims meet the amount-in-controversy requirement, Spielman, 251 F.3d at 4, and may meet that requirement by amending the pleading or by submitting affidavits which sufficiently substantiate the alleged amount in controversy.  Kenney v. Hoover, 909 F. Supp. 34, 36 (D. Mass. 1995).

Here, plaintiff states in the complaint that he seeks $87,000.00 in damages, but he has allegedly paid the defendant only $2,500.00 for work that would total $8,500.00.  It thus appears, to a "legal certainty," that Colameta will not be able to recover an amount in excess of $75,000.00.  Because the amount of damages that plaintiff may be entitled to appears to be far below the

jurisdictional threshold of $75,000, it appears that this Court lacks diversity jurisdiction over plaintiff's claims. See, e.g., Jimenez, 574 F.2d at 40 (then-existing mount-in-controversy requirement of $10,000 not met in claim for short-lived embarrassment and anger resulting from a car-rental clerk's public destruction of credit card and announcement that plaintiff had failed to pay his bills); accord Spielman, 251 F.3d at 5 (dismissing); Tirado-Toro v. Builder's Square, Inc., 986 F. Supp. 714, 716 (D. P.R. 1997) (dismissing; plaintiff's hand injury claims would not exceed jurisdictional threshold).

## CONCLUSION

ACCORDINGLY,

(1) Plaintiff shall pay the $150.00 filing fee or submit an application to proceed without prepayment of fees within forty-two (42) days from the date of this Memorandum and Order;

(2) If plaintiff takes either action, he shall also demonstrate good cause, in writing, why the complaint should not be dismissed without prejudice for lack of subject-matter jurisdiction.

Dated at Boston, Massachusetts, this 13th day of September, 2004.

```
                              s/ Douglas P. Woodlock
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE
```