```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

```
EDWARD COLAMETA,              )
                              )
         Plaintiff,           )
                              )
      v.                      )    CIVIL ACTION
                              )    NO.  04-11877-DPW
HANK BAGROWSKI,               )
                              )
         Defendant.           )
```

**ORDER ON MOTION FOR REFUND OF FILING FEE**
January 21, 2005

Plaintiff's correspondence, docketed as [6], will be treated as a Motion for a refund of the Filing Fee and as such will be denied.

A District Court has no discretion to order the return of the fee upon dismissal of the action.  The Prison Litigation Reform Act of 1995 (PLRA), codified in 28 U.S.C. § 1915, whose provisions were specifically discussed in my Memorandum and Order of September 13, 2004, has "change[d] the meaning of in forma pauperis for prisoners." <u>Wooten v. District of Columbia Metropolitan Police Dept.</u>, 129 F.3d 206, 207 (D.C. Cir. 1997).  The only issue for the Court presented with a prisoner complaint is whether the filing fee must be paid up-front, or whether the fee may be paid in installments through the inmate's prison account.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).   Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is

filed.   Id. at 607, citing In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997)(emphasis added).

The purpose of the PLRA--to discourage prisoners from filing frivolous actions, Wooten, 129 F.3d at 207 (D.C. Cir. 1997)-- would be undermined if a Court were to order the return of the filing fee in this type of situation, because it would allow a prisoner, unlike other litigants, to test the waters regarding the merits of any case, without the adverse financial consequences associated with the filing fee.  The plaintiff has engaged the resources of the court by filing the case.  A filing fee--which represents only a modest portion of the cost of those resources--is a means to insure that such resources are not consumed thoughtlessly.  There certainly is no basis under Fed. R. Civ. P. 60(b) to relieve any plaintiff of the consequences of an improvident filing which was dismissed after the court in reviewing the complaint provisionally found "no arguable legal basis" for the law suit.

Accordingly, I conclude that plaintiff's obligation to pay the filing fee attached at the time of his filing the complaint in this Court; it is therefore hereby ORDERED that filing fee paid by the Plaintiff shall not be refunded.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE